**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 5:11 CR 594 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **JOHNNY S. MULLET and** | ) | |
| **LESTER MILLER,** | ) | |
| | ) | |
| Defendants. | ) | |

    Defendants Johnny Mullet and Lester Miller have moved for a stay of execution of their prison sentences pending appeal. On March 2, 2015, the Court reduced Mullet's 84-month sentence to 60 months, and reduced Miller's 60-month sentence to 43 months, following the Sixth Circuit's decision reversing defendants' hate crimes convictions because of a flawed jury instruction. Mullet and Miller remained convicted for conspiracy to obstruct justice, which conviction was not impacted by the Sixth Circuit's ruling.

    Johnny Mullet has served approximately 39 months in prison and Lester Miller has served approximately 29 months. Both defendants are requesting to be released on bond while their appeals are pending. The Court denies these motions. Neither Mullet nor Miller has overcome the statutory presumption against release pending appeal. United States v Scherer, 101 Fed. Appx. 1002, 1003 (6th Circ. 2004) Further, neither defendant has made a showing, pursuant to 18 U.S.C. Section 3143(b)(1)(B), that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduction in his prison sentence.

Defendants are apparently raising several arguments on appeal.  The first is whether they can properly be sentenced for the crime of conspiracy to obstruct justice.  This argument is unavailing, as neither defendant challenged his conviction for conspiracy to obstruct justice in his initial appeal, so neither may challenge it now.  The Sixth Circuit rejected a similar challenge by co-defendant Linda Schrock shortly after the order reversing the hate crimes convictions.  As this Court has stated previously, Mullet and Miller, along with the other 14 co-defendants, were each convicted in Count 1 of conspiracy to commit hate crimes and to obstruct justice, and the jury's unanimous finding of conspiracy to obstruct justice did not rest upon the hate crimes instruction which the Court of Appeals held was erroneous.

Defendants' second issue on appeal challenges the jury instruction defining kidnaping, which they argue was used to enhance their sentence.  This argument is also not likely to be successful.  The maximum penalty for hate crimes is 10 years, which is increased to life in prison if the jury finds that the offense involved kidnaping.  While it is true that the jury unanimously found that defendants' conduct involved kidnaping, and that defendants challenged the jury instruction defining kidnaping, the Court departed downward substantially from the Advisory Guideline Ranges when imposing defendants' initial sentences of 84 and 60 months, which were well below the statutory maximum of 10 years (120 months) for generic hate crimes.  Each defendant's current sentence is substantially lower than his initial sentence.  As the Court observed on March 2, Johnny Mullet, Lester Miller, and their co-defendants committed vicious and traumatizing attacks on their victims, regardless of whether those attacks constituted hate crimes, and/or involved kidnaping,  and it was appropriate for the Court to consider those attacks as relevant conduct in fashioning the appropriate sentence for conspiracy to obstruct justice.

Accordingly, defendants Johnny Mullet and Lester Miller's motions for stay of execution pending appeal are denied.

SO ORDERED.

                                                    */s/Dan Aaron Polster 3/24/15*
                                                    United States District Judge